1
2
3
4
5
6
7 **UNITED STATES DISTRICT COURT**
8 **EASTERN DISTRICT OF CALIFORNIA**
9
10

| | |
|---|---|
| JESUS PACHECO-LOZANO, | Case No. 1:13-cv-00526-AWI-SKO-HC |
| Petitioner, | ORDER DIRECTING RESPONDENT TO BRIEF NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER WHETHER THE PETITION SHOULD BE DISMISSED AS MOOT |
| v. | |
| MICHAEL L. BENOV, | |
| Respondent. | ORDER PERMITTING PETITIONER TO FILE A RESPONSIVE BRIEF NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF RESPONDENT'S BRIEF |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on April 17, 2013.  Respondent filed a response to the petition on July 29, 2013.

I.  Background

Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the disallowance of twenty-seven days of good time credit that Petitioner suffered as a result of prison disciplinary

1

findings, made on or about October 20, 2011, that he engaged in fighting on or about July 22 or 26, 2011.  (Pet., doc. 1 at 13-15.) Petitioner challenges the loss of credit and seeks invalidation of the sanction.  (Id. at 7.)  Petitioner raises the following claims in the petition:  1) because the hearing officer was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; 2) because the hearing officer was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated.  (Id. at 3-7.)

In the amended response to the petition filed on July 18, 2013, Respondent states that Petitioner, who was serving a sixty-month sentence for possession of a controlled substance imposed in 2008, was released from custody "to an immigration detainer on May 24, 2013, via Good Conduct Time."  (Doc. 16-1, 3.)

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies.  Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983).  Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision.  Id.  A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under

2

Article III, § 2 of the Constitution.  Wilson v. Terhune, 319 F.3d
477, 479 (9th Cir. 2003).  A petition for writ of habeas corpus is
moot where a petitioner's claim for relief cannot be redressed by a
favorable decision of the court issuing a writ of habeas corpus.
Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting
Spencer v. Kemna, 523 U.S. 1, 7 (1998)).  Mootness is
jurisdictional.  See, Cole v. Oroville Union High School District,
228 F.3d 1092, 1098-99 (9th Cir. 2000).  Thus, a moot petition must
be dismissed because nothing remains before the Court to be
remedied.  Spencer v. Kemna, 523 U.S. 1, 18.

It is unclear whether the release of Petitioner from the
custody of the Bureau of Prisons based on his criminal conviction
renders moot the present petition, in which the remedy sought by
Petitioner is essentially early release from custody.

Respondent shall FILE a brief addressing whether or not the
petition is moot no later than thirty (30) days after the date of
this order.

Petitioner may FILE a responsive brief no later than thirty
(30) days after the date of service of Respondent's brief.

IT IS SO ORDERED.

Dated:   **October 22, 2013**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28