1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JESUS PACHECO-LOZANO,

        Petitioner,

    v.

MICHAEL L. BENOV,

        Respondent.

Case No. 1:13-cv-00526-AWI-SKO-HC

FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (DOC. 1) AND DIRECT THE CLERK TO CLOSE THE CASE

OBJECTIONS DEADLINE:
THIRTY (30) DAYS

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on April 12, 2013.

    I.  Background

    Respondent filed a response to the petition on July 18, 2013, indicating that Petitioner had been released from custody.  No traverse was filed.

    On October 23, 2013, the Court directed the parties to brief

1

1   the question of whether or not the case should be dismissed as moot

2   because Petitioner's claims related to the loss of good time credit,

3   and Petitioner had been released from custody.  Respondent served

4   and filed a brief on November 21, 2013.  Although the time for

5   filing a responsive brief has passed, Petitioner has not responded

6   to Respondent's brief or sought an extension of time within which to

7   do so.

8       Petitioner, an inmate of the Taft Correctional Institution

9   (TCI), challenges the disallowance of twenty-seven days of good time

10  credit he suffered as a result of prison disciplinary findings on or

11  about October 20, 2011, that he engaged in fighting on or about July

12  22 or 26, 2011.  (Pet., doc. 1 at 13-15.)  Petitioner challenges the

13  loss of credit and seeks invalidation of the sanction.  (Id. at 7.)

14  Petitioner raises the following claims in the petition:  1) because

15  the hearing officer was not an employee of the Federal Bureau of

16  Prisons (BOP) and lacked the authority to conduct the disciplinary

17  hearing and make findings resulting in punishment, including

18  disallowance of good time credit, Petitioner suffered a violation of

19  his right to due process of law; 2) because the hearing officer was

20  not an employee of the BOP but rather was an employee of a private

21  entity with a financial interest in the disallowance of good time

22  credits, Petitioner's due process right to an independent and

23  impartial decision maker at the disciplinary hearing was violated.

24  (Id. at 3-7.)

25      In the amended response to the petition filed on July 18, 2013,

26  Respondent contends that Petitioner, who was serving a sixty-month

27  sentence for possession of a controlled substance imposed in 2008,

28  was released from custody "to an immigration detainer on May 24,

1  2013, via Good Conduct Time." (Doc. 16-1, 3.)

2      Respondent seeks dismissal of the petition for mootness.

3      II.  Mootness

4      Federal courts lack jurisdiction to decide cases that are moot

5  because the courts' constitutional authority extends to only actual

6  cases or controversies.  Iron Arrow Honor Society v. Heckler, 464

7  U.S. 67, 70-71 (1983).  Article III requires a case or controversy

8  in which a litigant has a personal stake in the outcome of the suit

9  throughout all stages of federal judicial proceedings and has

10 suffered some actual injury that can be redressed by a favorable

11 judicial decision.  Id.  A petition for writ of habeas corpus

12 becomes moot when it no longer presents a case or controversy under

13 Article III, § 2 of the Constitution.  Wilson v. Terhune, 319 F.3d

14 477, 479 (9th Cir. 2003).  A petition for writ of habeas corpus is

15 moot where a petitioner's claim for relief cannot be redressed by a

16 favorable decision of the court issuing a writ of habeas corpus.

17 Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting

18 Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional.

19 See, Cole v. Oroville Union High School District, 228 F.3d 1092,

20 1098-99 (9th Cir. 2000).  Thus, a moot petition must be dismissed

21 because nothing remains before the Court to be remedied.  Spencer v.

22 Kemna, 523 U.S. 1, 18.  A federal court has a duty to consider

23 mootness on its own motion.  Demery v. Arpaio, 378 F.3d 1020, 1025

24 (9th Cir. 2004).

25     Respondent relies on dicta in Nonnette v. Small, 316 F.3d 872,

26 875-76 (9th Cir. 2002), involving a § 1983 plaintiff with respect to

27 whom it had to be determined whether a habeas corpus remedy was

28 available.  The court concluded that a habeas corpus remedy was

1  unavailable to a state prisoner who challenged a loss of good time

2  credit but had been released on parole, setting forth the following

3  explanation:

> After the district court entered its decision, Nonnette
> was released from the incarceration of which he complains,
> and is now on parole. Were he to seek a writ of habeas
> corpus, his petition would present no case or controversy
> because establishing the invalidity of his disciplinary
> proceeding could have no effect on the 360 days of
> additional incarceration or the 100 days of administrative
> segregation that resulted from it. Nor could such relief
> have any effect on the term of his parole.FN4 As a
> consequence, his petition for habeas corpus would have to
> be dismissed as moot. *See Spencer v. Kemna*, 523 U.S. 1,
> 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In *Spencer*, the
> Supreme Court held that, although a prisoner who has
> completed his sentence can challenge his conviction in
> habeas corpus because of the collateral consequences that
> survive his release, no such collateral consequences
> attended the prisoner's incarceration imposed for
> violation of parole. *Id.* at 14–16, 118 S.Ct. 978.
> Accordingly, the prisoner's petition was moot because he
> had served the term of incarceration resulting from his
> parole revocation. *See id.* at 18, 118 S.Ct. 978.
>
>> FN4 The State does not contend that the length
>> of Nonnette's parole term would be affected by
>> invalidation of his disciplinary proceeding or
>> by administrative recalculation of his date of
>> release from incarceration. It argues only that
>> Nonnette is still "in custody" while on parole,
>> and thus qualifies for habeas relief. The
>> relevant bar to habeas relief, however, is not
>> the "in custody" requirement, but the "case or
>> controversy" requirement, which would render
>> Nonnette's claims moot if they were brought in
>> a habeas corpus proceeding. *See Spencer*, 523
>> U.S. at 7, 118 S.Ct. 978.
>
> We see no relevant distinction between the collateral
> consequences attending parole revocation and those
> attending Nonnette's deprivation of good-time credits. We
> are satisfied, therefore, that if he now filed a petition
> for habeas corpus attacking the revocation of his good-
> time credits and the imposition of administrative

> segregation (as well as the administrative calculation of his release date), his petition would have to be dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking.

Nonnette v. Small, 316 F.3d at 875-76.

The reasoning of Nonnette v. Small has been applied to dismiss a habeas corpus petition by a state prisoner seeking restoration of time credit lost in an allegedly unconstitutional prison disciplinary where the petitioner had served the extra time and had been released to serve a term of community supervision. Johnson v. Swarthout, 2013 WL 2150333, *1-*3 (No. 11-cv-2715-GEB-CKD-P, E.D.Cal. May 16, 2013). The court found no significant distinction between the parole term involved in Nonnette and the community supervision term involved in Johnson, noting that neither parole nor community supervision are equivalent to actual incarceration, but are instead mandatory periods to be served following release. Further, in the petitioner's case, supervision was by an entity separate from the prison administration. Concluding that Nonnette was controlling, the court held that the petitioner had failed to allege collateral consequences flowing from the prison disciplinary conviction and accompanying loss of conduct credits at issue, and a favorable judicial decision would not afford the petitioner relief from the alleged injury because he had already served the time in question. Id.

Respondent argues that good conduct time is specific to the period of incarceration in which it is earned, and that pursuant to 28 C.F.R. § 523.2(c) (2012), good conduct time cannot be used to shorten a period of supervision. Title 28 C.F.R. § 523.2(c) (2012) provides, "Once an inmate is conditionally released from

1  imprisonment, either by parole, including special parole, or

2  mandatory release, the good time earned (extra or statutory) during

3  that period of imprisonment is of no further effect either to

4  shorten the period of supervision or to shorten the period of

5  imprisonment which the inmate may be required to serve for violation

6  of parole or mandatory release." Respondent urges the Court to

7  apply the rationale of Nonnette to Petitioner's release on an

8  immigration hold. Respondent concludes that because any issue with

9  respect to the application or loss of good conduct time does not

10  survive a prisoner's release from incarceration, there is no "live"

11  issue for the court to decide, and the petition is therefore moot.

12      Petitioner did not file any response to Respondent's brief and

13  has not shown how any order from this Court with respect to

14  Petitioner's disciplinary proceeding will have any effect on the

15  duration of Petitioner's detention in ICE custody or grant him

16  release.

17      The Court concludes that it is no longer possible for this

18  Court to issue a decision redressing the injury. Petitioner has not

19  asserted any factual or legal basis that would preclude a finding of

20  mootness. The Court thus concludes that the matter is moot because

21  the Court may no longer grant any effective relief. See, Badea v.

22  Cox, 931 F.2d 573, 574 (9th Cir. 1991) (habeas claim was moot where

23  a former inmate sought placement in a community treatment center but

24  was subsequently released on parole and no longer sought such a

25  transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010)

26  (dismissing as moot a petition seeking early release where the

27  petitioner was released and where there was no live, justiciable

28  question on which the parties disagreed).

6

1   Therefore, it will be recommended that the petition be
2   dismissed as moot.

3   III.   Recommendations

4   Accordingly, it is RECOMMENDED that:

5   1) The petition for writ of habeas corpus be DISMISSED as moot;
6   and  2) The Clerk be DIRECTED to close the action.

7   These findings and recommendations are submitted to the United
8   States District Court Judge assigned to the case, pursuant to the
9   provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
10  Rules of Practice for the United States District Court, Eastern
11  District of California.  Within thirty (30) days after being served
12  with a copy, any party may file written objections with the Court
13  and serve a copy on all parties.  Such a document should be
14  captioned "Objections to Magistrate Judge's Findings and
15  Recommendations."  Replies to the objections shall be served and
16  filed within fourteen (14) days (plus three (3) days if served by
17  mail) after service of the objections.  The Court will then review
18  the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
19  The parties are advised that failure to file objections within the
20  specified time may waive the right to appeal the District Court's
21  order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22
23

24  IT IS SO ORDERED.

25     Dated:   **January 2, 2014**                  **/s/ Sheila K. Oberto**
26                                        UNITED STATES MAGISTRATE JUDGE
27
28